**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In Re:

|  |  |  |  |
|---|---|---|---|
| George Michael Riley, Sr., | : | Case No. 12-60636 |
|  | : | Chapter 7 |
| Debtor. | : | Judge Hoffman, Jr. |

### MOTION OF DEBTOR GEORGE MICHAEL RILEY, SR. FOR A PROTECTIVE ORDER LIMITING THE UNITED STATES TRUSTEE FROM PURSUING §727 OBJECTION TO DISCHARGE AND QUESTIONING IN REGARD THERETO

The United States Trustee has filed a Motion Requesting a 2004 Examination and has obtained a Court Order in regard thereto, all for the purpose of "… to investigate Debtor's income, expenses, assets and debts."

Further, it is alleged that "the UST is concerned about allegations that the Debtor failed to disclose certain assets, which may warrant a Complaint to Deny Discharge under 11 USC §727(a)(2) and/or (4)."

This being the stated purpose of the U.S. Trustee's 2004 Exam, it is "too late" as explained in the Memorandum attached hereto. For these reasons, the Debtor seeks a Protective Order limiting the United States Trustee from pursuing a §727 objection to discharge of the Debtor and preventing any questioning by the U.S. Trustee in conjunction with its stated purpose of inquiring into undisclosed assets, income, expenses or debts for purposes of filing an objection to discharge.

/s/ Michael T. Gunner
Michael T. Gunner (0002078)
Attorney for Debtor(s)
3535 Fishinger Blvd., Ste. 220
Hilliard, OH  43026
Telephone:     (614) 777-1203
Facsimile:      (614) 777-4640
E-mail:  hilliardlaw@hotmail.com
*Attorney for Debtor*

**MEMORANDUM**

On May 27, 2014, the United States Trustee filed a Motion for a 2004 Exam (and obtained an *ex parte* order for the same) with the express purpose of examining the Debtor with respect to his income, expenses, assets and debts with respect to "allegations" that the Debtor has failed to disclose certain assets which in turn may warrant a complaint to deny discharge under 11 USC §727(a)(2) and/or (4).

As the U.S. Trustee is quite aware, the 341 Notice sheet in this case set forth certain deadlines, one of those being the deadline to object to Debtor's Discharge, which was March 15, 2013. Pursuant to §727(c)(1), the Trustee, a creditor or the U.S. Trustee may object to the granting of a discharge under subsection (a) of this section. B.R. 7001(4) provides that an adversary action is necessary for objections pursuant to 727(a) except that a Motion may be filed for objections based upon 727(a)(8) or (9).

B.R. 4004(a) provides that the time limit to file a complaint (adversary) or motion "shall be filed no later than 60 days after the date first set for the meeting of creditors under §341(a)." The meeting of creditors was held January 14, 2013.

No motion was filed by the U.S. Trustee pursuant to B.R. 4004(b) prior to the expiration of said 60 day time limit seeking an extension and therefore the U.S. Trustee's time to object to discharge has expired and thus no legitimate purpose will be served by allowing the 2004 Exam to proceed on the basis as alleged by the U.S. Trustee except to harass the Debtor.

Furthermore, the U.S. Trustee is surely aware that an adversary has already been commenced by Commodore Bank, one of the Debtor's alleged creditors, in the case of *Commodore Bank v. George Michael Riley, Sr.*, Adv. No. 13-2094.

In this adversary case identical arguments to those being advanced by the U.S. Trustee have already been raised, briefed and are pending before the Court as are other arguments in that adversary case. Consequently, a 2004 Exam to go over the same questions, same areas of concern and identical facts is duplicative, costly to the Debtor, and a complete waste of time when the same cannot be used by the U.S. Trustee for any useful purposes.

For these reasons, the Debtor respectfully requests this Court issue an order preventing the 2004 Exam presently scheduled for June 25, 2014, at 10:00 a.m., or imposing such restraints on questions to be raised by the U.S. Trustee as to prevent this needless inquiry and misuse of the Bankruptcy process.

Further, Debtor requests this Motion be set for an expedited hearing.

Respectfully submitted,

/s/ Michael T. Gunner
Michael T. Gunner (0002078)
Attorney for Debtor(s)
3535 Fishinger Blvd., Ste. 220
Hilliard, OH  43026
Telephone:   (614) 777-1203
Facsimile:   (614) 777-4640
E-mail:  hilliardlaw@hotmail.com
*Attorney for Debtor*

## CERTIFICATE OF SERVICE

      I hereby certify that on June  6 , 2014, a copy of the foregoing *Motion of Debtor George Michael Riley, Sr. for a Protective Order Limiting the United States Trustee from Pursuing §727 Objection to Discharge and Questioning in Regard Thereto* was served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

| | |
|---|---|
| Pamela Arndt | Pamela.d.Arndt@usdoj.gov |
| Asst. US Trustee | ustpregion09.cb.ecf@usdoj.gov |
| Frederick L. Ransier | fransier@vorys.com; oh14@ecfcbis.com |
| Michael T. Gunner | hilliardlaw@hotmail.com |
| Sarah A. Williams | sarah@judithmcinturff.com, court@judithmcinturff.com |
| Benjamin S. Zacks | bszacks@zlglaw.com; mddunn@zlglaw.com; jrbillings@zlglaw.com; brittany@zlglaw.com; rjindra@zlglaw.com |
| Tim J. Robinson | tim.robinson@dinsmore.com, lisa.geeding@dinsmore.com |

and on the following by ordinary U.S. Mail addressed to:

| | |
|---|---|
| George Michael Riley | Gary E. Becker, Esq. |
| 594 Moull Street, Apt. 121 | 255 East Fifth Street, Ste. 1900 |
| Newark, Ohio 43055 | Cincinnati, Ohio 45202 |
| Debtor | |

                                       /s/ Michael T. Gunner
                                       Michael T. Gunner (0002078)